UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

                                    CASE NO. 02-CR-90030
                                            2:07-CV-10094
v.                                 JUDGE MARIANNE O. BATTANI
                                        MAGISTRATE JUDGE PAUL KOMIVES

DOUGLAS TERRELL BUCHANNAN,

      Defendant/Movant.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny as moot petitioner's motion to vacate his sentence.

II.    REPORT:

A.    *Procedural Background*

Defendant/movant Douglas Terrell Buchannan was convicted in this court of one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g), pursuant to his guilty plea. Defendant was sentenced to a term of 40 months' imprisonment, to be followed by a two year term of supervised release. Defendant served his term of imprisonment and commenced his term of supervised release on August 29, 2005. On September 10, 2005, defendant was arrested by officers of the Detroit Police Department for possession of cocaine. He pleaded guilty in state court to one count of possession of less than 25 grams of cocaine, and on February 9, 2006, he was sentenced to a term of 11 months' to 4 years' imprisonment. On March 26, 2006, a petition was filed by the probation officer charging defendant with violating the terms of his supervised release. On April 24, 2006, a hearing was held, at which defendant admitted to the violations alleged in the petition. The Court sentenced defendant

to an additional 18 months' imprisonment, to be served concurrently with his state sentence. The Court did not impose an additional term of supervised release.

On January 5, 2007, while still in state custody, defendant filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Defendant asserts that the sentence imposed was illegal because the Court ordered the sentence to run concurrently with his state sentence, rather than consecutively to that sentence, in violation of U.S.S.G. § 7B1.3(f). Although this presumably would result in a longer sentence for defendant, he argues that at resentencing the Court should take into consideration his post-sentencing rehabilitation and resentence him to time already served. The government filed a response on June 28, 2007, arguing that defendant's sentence is proper and there is no basis for relief under § 2255. For the reasons that follow, the Court should dismiss the petition as moot.

B.  *Analysis*

Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alternation in original). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, a case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court *sua sponte*. *See North Carolina v. Rice*, 404

U.S. 244, 246 (1971).

The Bureau of Prisons maintains an on-line Inmate Locator Service which allows the public to track the location of federal inmates. This service indicates that defendant was released from federal custody on August 14, 2007. Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on the Inmate Locator Service. *See Herl v. Federal Bureau of Prisons*, No. 06-CV-13843, 2008 WL 544955, at *1 (E.D. Mich. Feb. 25, 2008) (Steeh, J.); *Munro v. Eichenlaub*, No. 07-CV-15043, 2007 WL 4287547, at *1 n.1 (E.D. Mich. Dec. 5, 2007) (O'Meara, J.). Because defendant challenges only his sentence, and not his underlying conviction or supervised release revocation, his release from that sentence renders his motion moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982); *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). Accordingly, the Court lacks jurisdiction over the motion.

C.  *Conclusion*

In view of the foregoing, the Court should dismiss as moot defendant's motion to vacate his sentence.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

  S/ Paul J Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: April 10, 2008